UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------x
KASH ADVANCE, LLC,

                                                Plaintiff,

                                                                                      **ORDER**

                      – against –
                                                                              No. 24-CV-6351 (CS)

C&C RESIDENTIAL PROPERTIES INC. d/b/a C&C
RESIDENTIAL PROPERTIES, *et al.*,

                                                Defendants.
--------------------------------------------------------------------------x

Seibel, J.

        Plaintiff Kash Advance, LLC seeks an order striking Defendants' answer and entering a

default judgment against them "based upon their willful and contumacious failure to produce

discovery."  (ECF No. 35.)

                                        **BACKGROUND**

        Pursuant to the scheduling order set by the Court, initial requests for production of

documents and interrogatories were to be served by March 17, 2025, and all fact discovery was

to be completed by August 12, 2025.  (ECF No. 17.)  According to Plaintiff, Defendants were

served interrogatories and document demands on February 13, 2025.  (ECF No 35-1 ("P's Aff.")

¶ 6.)  Defendants' only response was to object to Plaintiff's demands, and they have neither

produced any documents nor responded to Plaintiff's numerous letters requesting updates on the

status of production.  (P's Aff. ¶¶ 7-10.)  Defendants' objections to the interrogatories were that

the information sought was equally available to Plaintiff, (*see* ECF No. 20), which is

"insufficient to resist a discovery request," *Charter Pracs. Int'l, LLC v. Robb*, No. 12-CV-1768,

2014 WL 273855, at *2 (D. Conn. Jan. 23, 2014) (collecting cases), and that one of the requests

was of a continuing nature, (*see* ECF No. 20), which it was not, (*see* ECF No. 35-2).

Defendants' objections to the request for production of documents, (*see* ECF No. 21), were the vague, conclusory claim that producing the requested documents would be burdensome, which is insufficient, *see, e.g., Hegazy v. Halal Guys, Inc.*, No. 22-CV-1880, 2023 WL 4405804, at *4 (S.D.N.Y. July 7, 2023); the contention that some of the requested documents post-date the accrual of the causes of action and are therefore irrelevant, which is untrue on the facts of this case; and the frivolous claim that Defendants were unable to understand the request for production of documents on which Defendants will rely in this action and that any such materials would be protected by the attorney-client or work-product privileges.  In other words, Defendants' objections were baseless.

On July 28, 2025, Plaintiff filed a letter alerting the Court that Defendants had neither provided necessary discovery responses nor provided dates for depositions.  (ECF No. 27.)  The Court then held a discovery conference, during which Defendants' counsel explained that Defendants had instructed him to cease any work on the case.  (*See* Minute Entry dated July 31, 2025.)  Defendant Carrier, who attended the conference telephonically, confirmed that he could no longer afford his counsel due to "financial troubles" and requested time to find a "new strategy."  (*Id.*)  The Court relieved Defendants' counsel and explained to Mr. Carrier that he could not represent his corporations and would need to retain new counsel on their behalf if he did not wish for them to default.  (*Id.*)  The Court also explicitly told Mr. Carrier that, regardless of whether he retained new counsel, he was responsible for responding to the discovery requests sent to him personally.  (*Id.*)

On August 21, 2025, Plaintiff filed another letter informing the Court that Mr. Carrier still had not produced any documents, despite Plaintiff emailing its demands to him directly after the July 31 conference and sending him multiple follow-up requests in good faith.  (ECF No.

33.)  The Court therefore held another discovery conference on September 17, 2025, during which Mr. Carrier conceded that he had neither retained counsel nor responded to any of Plaintiff's discovery requests.  (*See* Minute Entry dated Sept. 17, 2025.)  The Court set a briefing schedule for the motion to strike, pursuant to which Plaintiff was to file its motion by October 30, 2025 and Defendants were to respond by December 1, 2025.  (*Id.*)  Plaintiff filed its motion on October 30, 2025, (ECF No. 35), and Defendants have failed to respond.

## DISCUSSION

Rule 37 of the Federal Rules of Civil Procedure gives courts wide discretion to impose sanctions on a party who "fails to obey an order to provide or permit discovery." *Amador v. 109-1 Food Corp.*, No. 21-CV-4633, 2024 WL 1743273, at \*4 (E.D.N.Y. Mar. 31, 2024) (quoting Fed. R. Civ. P. 37(b)(2)(A)), *report and recommendation adopted*, 2024 WL 1741069 (E.D.N.Y. Apr. 23, 2024).[1]  Such sanctions include "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party."  Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi).  When imposing sanctions pursuant to Rule 37, courts consider "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance."  *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010); *see J.C. v. Zimmerman*, 150 F.4th 136, 146 (2d Cir. 2025).  While sanctions such as default judgment are considered "drastic remedies," it may nonetheless be necessary to enter judgment against a defendant "in extreme situations," *Loc. Union No. 40 of the Int'l Ass'n of Bridge v. Car-Wi Const.*, 88 F. Supp. 3d 250, 263 (S.D.N.Y. 2015), such as "when a party

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

substantially delays discovery by engaging in persistent noncompliance with discovery obligations or by declining to participate further in discovery," *State Farm Mut. Auto. Ins. Co. v. Fatiha*, No. 20-CV-443, 2021 WL 1910658, at *2 (S.D.N.Y. May 12, 2021).

Defendants have done nearly nothing to defend this case since its inception, despite numerous reminders from both Plaintiff and the Court about their discovery obligations. They were explicitly told by the Court that continued noncompliance could result in a default – indeed, during the most recent conference, Mr. Carrier even expressed that he intended to default, as there was "no real value" to him in defending the case. (*See* Minute Entry dated Sept. 17, 2025.) Because Defendants' conduct is clearly willful and has made it impossible for the case to progress for the past year, and because the Court repeatedly warned Defendants that continuing this conduct would result in a default, dispositive relief is warranted. *See Ally Fin. Inc. v. Comfort Auto Grp. NY LLC*, No. 20-CV-1281, 2021 WL 7159899, at *4 (E.D.N.Y. Nov. 23, 2021) (striking answer and entering default where defendants "consistently ignored their discovery obligations and th[e] Court's orders for more than six months," refused to cooperate with counsel such that counsel was permitted to withdraw, and were given "several judicial warnings as to the consequences of their derelictions"), *report and recommendation adopted*, 2022 WL 73484 (E.D.N.Y. Jan. 6, 2022); *Yoon v. Jamaica French Cleaners, Inc.*, No. 12-CV-3845, 2014 WL 4199723, at *3 (E.D.N.Y. Aug. 22, 2014) ("[R]epeated warnings that conduct will lead to the imposition of sanctions, coupled with ample time and opportunities to respond,

warrant dispositive relief."). The Court therefore finds that striking Defendants' answer and ordering an entry of default against them is an appropriate sanction.[2]

"When entry of default is an appropriate sanction under Rule 37, the Court proceeds with analysis under Rule 55." *Maldonado v. Loxton Inc.*, No. 20-CV-5776, 2022 WL 18858967, at *6 (E.D.N.Y. June 9, 2022), *report and recommendation adopted* (Aug. 26, 2022). While Rule 55 provides that a party who has failed to plead or otherwise defend against a case is deemed to have conceded all well-pleaded allegations of liability, default does not result in an admission of damages, and the plaintiff is responsible for establishing the damages sought. *See id.*; *Loc. Union No. 40 of the Int'l Ass'n of Bridge*, 88 F. Supp. 3d at 274.

Plaintiff seeks "$186,045.00, plus interest at the statutory rate of 9% from July 12, 2024 plus post-judgment interest thereon from the date of the judgment, together with costs and disbursements taxed by the clerk." (P's Aff. at 5.) According to Plaintiff's verified complaint,[3] the amount of $186,045 consists of the following: $117,750 in unremitted receivables that Defendants owed Plaintiff pursuant to their contract, given that Plaintiff purchased $127,500 in receivables and Defendants only remitted $9,750; default fees in the amount of $38,857.50; and attorneys' fees in the amount of $29,437.50. (ECF No. 2-1 ¶¶ 7, 11.) Attached to the verified complaint is a copy of the parties' agreement, which establishes that the purchased amount of future receipts was $127,500 and that upon default, Plaintiff is entitled to a default fee equal to 33% of the remaining balance of the purchased amount of future receipts (here, $38,857.50).

---

[2] The corporate defendants' failure to retain new counsel provides an independent basis for default given that, "as defendants have been previously warned, corporate entities are not permitted to proceed *pro se* in federal court." *Ally Fin.*, 2021 WL 7159899, at *5; *see DMKA LLC v. Chandler W T LLC*, No. 23-CV-3296, 2024 WL 406549, at *1 (E.D.N.Y. Feb. 2, 2024).

[3] "Generally, a verified complaint filed by a plaintiff has the force and effect of an affidavit." *Benson v. Quicknowledge, Inc.*, No. 08-CV-1215, 2010 WL 1930970, at *3 n.3 (N.D.N.Y. May 10, 2010) (relying on verified complaint to establish damages on default judgment).

(*See* ECF No. 2-2 at 1, 10.)  The agreement also provides that, in the event of a default, Defendants would be liable for Plaintiff's reasonable attorney's fees and court costs.  (*See id.* at 5, 10.)

Plaintiff has failed, however, to submit any documentary evidence verifying the amount of Defendants' default.  "The Second Circuit has approved the holding of an inquest by affidavit, without an in-person court hearing, as long as the Court has ensured that there was a basis for the damages specified in the default judgment."  *Johannes Baumgartner Wirtschafts-UND Vermogensberatung GMBH v. Salzman*, No. 08-CV-2582, 2011 WL 1047757, at *2 (E.D.N.Y. Feb. 24, 2011), *report and recommendation adopted*, 2011 WL 976548 (E.D.N.Y. Mar. 17, 2011); *see Visions in Learning Inc. v. Verity, Inc.*, No. 18-CV-5042, 2019 WL 5694274, at *2 (E.D.N.Y. Aug. 8, 2019) ("[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought.").  While the contract submitted by Plaintiff confirms the initial purchase amount and provides for various fees in the event of default, Plaintiff has not submitted any payment records or similar documents evidencing what amount had previously been paid and what amount was still outstanding.  And even though I may treat the verified complaint as an affidavit, *see Benson*, 2010 WL 1930970, at *3 n.3, it is not sufficient, standing alone, to satisfy me that the damages calculation is established "with reasonable certainty," *Du v. Segelman*, No. 23-CV-6780, 2025 WL 1707176, at *6 (E.D.N.Y. Mar. 28, 2025); *see Visions in Learning Inc.*, 2019 WL 5694274, at *2 ("Without documentary evidence, the Court is unable to determine whether Plaintiffs are entitled to the damages and additional forms of relief they request.").

Moreover, Plaintiff has failed to provide any means for the Court to assess how the requested attorney's fees were calculated.  Because "a party seeking an award of attorneys' fees

6

must support the request with contemporaneous time records that show for each attorney, the date, the hours expended, and the nature of the work done" in order for the court to verify that the amount sought is reasonable, *Alston as Tr. of Loc. 272 Lab.-Mgmt. Fund v. Select Garages, LLC*, No. 24-CV-5439, 2025 WL 472581, at *8 (S.D.N.Y. Jan. 21, 2025), *report and recommendation adopted sub nom. Alston as Tr. of Loc. 272 Lab.-Mgmt. Pension Fund v. Select Garages, LLC*, 2025 WL 580275 (S.D.N.Y. Feb. 21, 2025), Plaintiff has failed to meet its burden with regard to the requested attorney's fees.

### CONCLUSION

For the foregoing reasons, Plaintiff's motion to strike Defendants' answer is **GRANTED**, and the Clerk shall enter a notation of default against each Defendant.  Plaintiff's motion for default judgment is **DENIED** without prejudice pending Plaintiff's submission of documentary evidence supporting its calculation of damages and attorney's fees.  That documentation shall be provided to the Court no later than January 17, 2025.

**SO ORDERED.**

Dated: December 18, 2025
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.